UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

C.A. No. 26-99999

2:26-cv-4353-BHH-MGB

| | | |
|---|---|---|
| Lashon Thompson-Jones<br><br>Plaintiff,<br><br>v.<br><br>Charleston County School District,<br><br>Defendants. | ) | **COMPLAINT**<br>(Jury Trial Requested) |

The Plaintiff, Lashon Thompson-Jones, complaining of the above named Defendants, would respectfully show unto this Honorable Court, the following:

## I. PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff, Lashon Thompson-Jones is a resident and citizen of the city of North Charleston, County of Charleston and State of South Carolina.

2. The Defendant, Charleston County School District (herein after referred to as "District") is a subdivision of the State of South Carolina. located in Charleston County, State of South Carolina.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343, because this action is based on 42 U.S.C. § 1981 and 2000(e)2 *et. seq.* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 12101 et. seq, as amended, the 14th Amendment to the Constitution of the United States of America, and Title 9 the United States code 20 U.S.C. § 1681-1688.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendant is

situated in the Charleston Judicial Division of the United States District Court for the District of South Carolina, and the alleged unlawful and/or wrongful acts giving rise to the Plaintiff's claims were committed within the geographic boundaries of the Charleston Judicial Division of the United States District Court, District of South Carolina.

## I. FACTS

5. The Plaintiff is a black female, now aged 60 (Date of birth September 17, 1966) who was employed by the Defendant District and working as a Student Concern Specialists at Turning Point Academy, a program operating as part of the Defendant District's county wide Alternative Program and was and is located on James Island, Charleston County, State of South Carolina at all time relevant hereto, including the academic school year 2023-2024.

6. That the Defendant District is a public school district operating at all times relevant hereto approximately 85 schools and specialized programs, including alternative programs, within the confines of Charleston County, State of South Carolina, and employing approximately 6,500 total employees within Charleston County, State of South Carolina, and an annual budget in excess of 618.3 million general operating budget in the 2021-2022 school year, and is now over 965 million in its general operating budget, and receives federal financial assistance from the United States Government.

7. That during the academic school year 2023-2024 and at all times relevant hereto, Turning Point Academy was and is an alternative program operated by and within the Defendant District located on James Island, Charleston, State of South Carolina.

8. That while the Plaintiff was working as a Student concern Specialists at Turning Point

Academy on James Island the Plaintiff was sexually and racially harassed by a students on May 5, 2023, at the Turning Point Academy located at 1929 Grimball Road, James Island, South Carolina by a student who told the Plaintiff he would, "Fuck her" or anyone else up and begin singing about "bitches, pussy, niggas and guns" and "that he never misses a target" and that's why he "has a lot of guns and would fuck a nigga up".

9. That the student who threatened and sexually and racially harassed the Plaintiff on May 5, 2023 as stated above had previously appeared on Facebook in 2021 and 2022 in possession of firearms.

10. That the Plaintiff was in fear of her life as a result of the threats and sexual and racial harassment of her as set forth above, but the Administration of the Defendant District, including that of Turning Point Academy recklessly determined that the threat assessment was "low".

11. That the student who threatened the Plaintiff and racially and sexually harassment the Plaintiff on May 5, 2023 was 19 years old at the time, an adult, and published news articles had been posted on March 20th, 2023, less than two months prior to the May 5, 2023 threats and harassment of the Plaintiff, that the student whose initials are D.W. had been charged with breaking into motor vehicles, petty larceny and trespassing.

12. The Plaintiff had also written that same student up for aggression before the above described incident on May 5, 2023 for behavior of that student at Turning Point Academy.

13. That as a result of all the above, the Plaintiff was scared, stressed and anxious and in fear of her life and safety and despite all of that apprehension and fear, the same student, D.W., was allowed to return as a student at Turning Point Academy, and the

Administration of Turning Point Academy allowed that student to return to the campus of Turning Point Academy on James Island, the direct result of which led to such anxiety, stress and fear that the Plaintiff sought medical treatment and incurred medical expenses for treatment of severe anxiety and depression.

14. That despite the student threats to the Plaintiff as above stated and the student sexual and racial harassment of the Plaintiff as set forth above and despite the student being a 19 year old man, the student was let back in the James Island location of Turning Point Academy by the Administration of Turning Point Academy, the very next day, May 6, 2023 and left to run the hallways without any apparent supervision which led to the Plaintiff being exposed to the student who was thereby given access to the Plaintiff the very next day after the threats and sexual and racial harassment of the Plaintiff the previous day, which led directly as a proximate cause of the Plaintiff suffering severe anxiety, fear and severe major depression that the Plaintiff had to seek medical treatments and was rendered incapacitated from work for an entire month from May 8, 2023 through June 7, 2023 and necessitated the Plaintiff to be prescribed medication for severe anxiety and major depression.

15. That the Plaintiff was so severely upset upon seeing the student, D.W. in the hallways of Turning Point Academy on May 6, 2026, at a time and place the Plaintiff was required to be there by her Contract of Employment with the Defendant District that the Plaintiff physically wet herself as a result of being so scared, which additionally caused the Plaintiff to suffer embarrassment and humiliation.

16. That the Plaintiff continued to suffer depression and anxiety and remained medicated as a result of that anxiety and stress and developed sleeping difficulties, and the Plaintiff

continued to be treated by her Primary Care Physician, Dr. Bonnie L. Crickman for severe anxiety and depression as a result of the above.

17. That as a result of all the above, the Plaintiff has missed time from work and pay.

18. That as a result of the Plaintiff being subject to the racial and sexual harassment as set fourth above and the Administration of Turning Point Academy allowing the student access to the Plaintiff the very next day after the Plaintiff was threatened and racially and sexually harassed the Plaintiff on May 5, 2023 was unwelcomed based on her race (black) and sex(Female), was sufficiently severe as to cause her to wet herself and suffer severe anxiety and depression for which she had to be medicated, and altered the conditions of her employment as her treating primary doctor put her out of work for an entire month as a result, and is imputable to the Defendant District as it was the actions and omissions of the final decision maker at Turning Point Academy who allowed the student to return to the premises of Turning Point Academy on May 6, 2023 and allowed that student to have access to the Plaintiff who encountered the student in the hallway of her work place at Turning Point Academy.

19. On July 1, 2026, the Plaintiff received an email from the U.S. Equal Employment Opportunity Commission of "Notice of Right to Sue"(Issued on Request) regarding Charge 14-2023-01118.

## II. FOR A FIRST CAUSE OF ACTION
## (Violation of Civil Rights 42 U.S.C.§1981)

20. Plaintiff repeats and realleges all of the preceding paragraphs as if restated verbatim hereto.

21. That while acting under color of state law Defendant District, the Administrators of Turning Point Academy have discriminated against the Plaintiff by being recklessly and

consciously indifferent to and tolerating a racially hostile environment for the Plaintiff to work in as set forth above while employed at the Turing Point Academy during school hours and on school grounds while the Plaintiff was required to be present.

22. The acts and omissions of the Defendant District was recklessly indifferent with regards to Plaintiff's constitutional and stator right to work in an environment not subject to racial and sexual harassment during the time period the Plaintiff was employed with Turning Point Academy.

23. That as a direct result of the actions and omissions of the Defendant District as set forth above, the Plaintiff suffered actual and consequential damages including severe anxiety, depression, humiliation, time missed from work, income loss, medical treatment and medical expenses.

24. Upon information and belief, the acts and omissions of the Defendant District set forth above and resulted in the above stated harm to the Plaintiff was the result of Final Decision makers on the premises of Turning Point Academy and as such of those of the Defendant District for purposes of the Defendant District's liability under 42U.S.C.§1981 for interfering with the Plaintiff's right to employment without being subjected to racial harassment

## III. FOR A SECOND CAUSE OF ACTION
**(Violation of Civil Rights, 42 U.S.C.§1983)**

25. The Plaintiff repeats and realleges all of the preceding paragraphs as if restated verbatim hereto.

26. That while acting under color of state law, the Defendants, discriminated against the Plaintiff of the basis of her race (black) and gender(Female), in violation of her right to equal protection of rights provided for in the 14th Amendment to the Constitution of the

United States of America, by subjecting the Plaintiff to a racially and sexually hostile work environment.

27. The Defendants' actions reckless disregard of the Plaintiff's federally protected rights and Plaintiff is entitled to actual, consequential and compensatory damages as well as reasonable attorney fees and costs, under Section 42 U.S.C. §1983 against Defendant District.

**III FOR A THIRD CAUSE OF ACTION**
**(Violation of Title VII of the Civil Rights Act of 1964, as amended) Section 2000(e)(2)**

28. Plaintiff repeats and realleges all of the preceding paragraphs as though restated verbatim herein.

29. Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C.§2000(e)2 prohibits employment discrimination based on race, color, religion, sex and national origin, and under Title VII and employer may not discriminate against an employee with regard to any term, condition or privilege of employment.

30. That the racially and sexually hostile work environment described above adversely affected the terms and conditions of the Plaintiff's employment with the Defendant District as set forth and above and violated Plaintiff's rights under 42 U.S.C.§2000(e)2.

31. That as a direct result of the Defendant Districts conduct as set forth above in violation of 42 U.S.C.§2000(e)2 and Title VII the Plaintiff suffered severe anxiety, major depression, time missed from work, lost income and medical expenses for medical treatment necessitated by all of the above, as well as embarrassment and humiliation for being caused to wet her pants while working to the view of all her co-workers.

32. The acts and omissions of the Defendant District set forth above, were in reckless

disregard and indifference to the Plaintiff's federal protected rights under the Title VII and 42 U.S.C.§2000(e)2 and the Plaintiff is entitled to actual, consequential, and compensatory damages against the Defendant District as well as attorney fees and cost against the Defendant District.

WHEREFORE, having fully set forth her allegations against the Defendant, the Plaintiff respectfully requests the following relief:

1. Compensatory damages for severe anxiety, major depression, humiliation, stress, medical expenses, lost income;

2. Actual damages against Defendant;

3. Reasonable attorney fees and costs; and

4. For such other and further relief as this Court deems just and proper.

Plaintiff demands a Jury Trial.

KOBROVSKY LAW OFFICE, LLC

By/s/ *Lawrence C. Kobrovsky*
Lawrence C. Kobrovsky, Esquire
Federal Bar Number: 5294
SC Bar Number: 3592
198 Rutledge Ave., Suite 7
Charleston, SC 29402-1726
Telephone (843)853-3703
Facsimile (843)853-2331
kobrovskyl@bellsouth.net

September 29, 2026

Charleston, South Carolina